**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES L. TATUM II, | ) | CASE NO. CV 12-2979 JFW (RZ) |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| CONRAD GRAYBER, Warden, | ) | |
| Respondent. | ) | |

Because Petitioner brings a habeas action that improperly challenges conditions of his confinement, rather than the validity or duration of that confinement, this action is not a proper petition for habeas corpus relief. The Court thus will dismiss the action summarily, without prejudice to Petitioner's pursuit of relief through a civil rights action.

Petitioner Charles L. Tatum II is an federal inmate at Terminal Island. In this 28 U.S.C. § 2241 habeas action, he asserts that the federal Bureau of Prisons (BOP) is violating its own rules by "not . . . housing me in an institution that matches my security and custody classification. My scores dictate that I should be at a minimum level facility. They refuse to provide the rationale for housing me at a" higher-security facility. Pet. ¶ 9(a). But the principal purpose of a habeas corpus writ is to provide a remedy for prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking

either immediate release or a sooner-than-currently-scheduled release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding that habeas petition, not civil rights action, was proper vehicle for seeking restoration of good-time credits). The Supreme Court has left open the possibility that habeas petitions "may . . . also be available to challenge . . . prison conditions," which ordinarily must be challenged by way of a civil rights action. *Id.* at 499-500; *accord, Bell v. Wolfish*, 441 U.S. 520, 527 n.6, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (noting the possibility of habeas as a means to address prison conditions, but declining to decide the issue). Nor has the Ninth Circuit completely foreclosed the possible use of habeas actions to challenge prison living conditions. *See Docken v. Chase*, 393 F.3d 1024, 1030 & n.6 (9th Cir. 2004) (collecting cases illustrating how the Ninth and several other "Circuits have struggled . . . with the distinction between the two remedies" but noting that "[n]one ha[s] suggested that the avenues for relief must always be mutually exclusive").

But allowing a habeas corpus action to challenge prison conditions appears to be the rare exception, both in this jurisdiction and others. The Ninth Circuit has made clear that the preferred, "proper" practice is to limit habeas cases to claims that would lead to the petitioner's release sooner than otherwise would occur, and to confine other prisoner claims to civil rights suits. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding that, because the subset of prisoner-plaintiff claims that could have been brought in a habeas action had become moot, district court could and should proceed with remaining claims, which challenged conditions, and not fact or duration, of confinement); *accord, Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because petition's challenges to conditions of confinement must be brought in civil rights action).

Several cases from other jurisdictions also persuasively hold that habeas corpus ordinarily is a proper vehicle only for those claims that, if successful, would result in the petitioner's accelerated release. *See, e.g.*, *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (applying a "bright-line rule" whereby prisoner's action properly may be

a habeas petition if and only if a favorable ruling automatically would entitle prisoner to accelerated release; all other prisoner actions sound in civil rights, not habeas); *Turner v. Johnson*, 46 F. Supp. 2d 655, 665 (S.D. Tex. 1999) ("when a reassignment from administrative segregation . . . would not automatically shorten [a prisoner's] sentence or lead to his immediate release, no liberty interest is implicated" under the Due Process Clause) (*following Carson, supra*); *Frazier v. Hesson*, 40 F. Supp. 2d 957, 962 (W.D. Tenn. 1999) (holding that prisoner may not employ habeas corpus petition "to attack his confinement to segregation or . . . a maximum security classification"). Judge Easterbrook, writing for the Seventh Circuit in *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998), openly questioned whether the state prisoner-petitioner in that case properly could utilize habeas corpus, rather than a civil rights action, to challenge his three-year assignment to disciplinary segregation for conspiring to incite a prison riot – but the Seventh Circuit's decision did not require an answer to that question. 140 F.3d at 714 (*dicta*).

      Here, if Petitioner's claim were to succeed, he would not be entitled to an accelerated release from confinement. Instead, he either (1) would be re-housed in a lower-security facility or (2) would at least be supplied with the BOP's rationale for housing him at a higher-security facility instead. The Court sees no justification in this instance for deviating from what the Supreme Court in *Preiser*, the Ninth Circuit in *Badea*, and other courts elsewhere have held to be the "proper" course, namely requiring conditions-of-confinement claims like Petitioner's to be brought in a civil rights lawsuit, not in a habeas corpus petition.

      For the foregoing reasons, the Court DISMISSES the action WITHOUT PREJUDICE.

      IT IS SO ORDERED.
      DATED:  April 11, 2012

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE